## TOWN OF WINDHAM v. TOWN OF WARDSBORO.

*Pauper. Removal of, Gen. Sts. c. 20, s. 4 (R. L. s. 2833).*

1. Under the Gen. Sts. c. 20, s. 4 (R. L. s. 2833), relating to the removal of paupers, persons, who are both overseers of the poor and justices of the peace, *cannot, in the same case, act in the double capacity of complainants and justices ordering a removal;* and if they so act the proceedings will be quashed on motion in the County Court.

2. Gen. Sts. c. 20, s. 4 (R. L. s. 2833), removal of paupers, construed.

HEARD at the March Term, 1880, VEAZEY, J., presiding, on motion, the court quashed the proceedings.

The defendant moved that the proceedings be dismissed and quashed : " because it says that David E. Robbins and James W. Gould, the justices of the peace who made said order of removal, were also two of the overseers of the poor of said town of Windham, who made said complaint, as appears by said complaint and order of removal."

#### ABSTRACT OF PROCEEDINGS.

The *complaint* is addressed thus : " To David E. Robbins and James W. Gould, Esqrs., two justices of the peace," etc.

Dated Jan. 24, 1880.

|Signed,      G. W. DIMICK,   ⎫
JAMES W. GOULD,  ⎬ *Overseers of the Poor.*
DAVID E. ROBBINS, ⎭

The *warrant*, dated same day, returnable January 26, 1880, commands the constable, etc., to bring the alleged paupers before us, " David E. Robbins and James W. Gould, two of the Justices," etc.

Signed,      DAVID E. ROBBINS, ⎫ *Justices of the Peace.*
JAMES W. GOULD,  ⎬

The *record* sets forth an adjudication by "David E. Robbins and James W. Gould, two of the Justices," etc., January 26, 1880, on the complaint of "Geo. W. Dimick, James W. Gould and David E. Robbins, Overseers of the Poor," etc.

The *order of removal* recites the facts as above set forth and the judgment of the court, and then proceeds : "Therefore, the said court do order and direct that the said Charles E. Smith and Frances A., his wife, do remove with his family and effects to the said town of Wardsboro, on or before the 30th day of January, 1880, and on neglect or refusal to comply with this order, it is hereby further ordered by this court that the said Chas. E. Smith and Frances A., his wife, be moved and transported with their family and effects, according to the statutes in that case made and provided."

Signed,    DAVID E. ROBBINS, } *Justices of the Peace.*
           JAMES W. GOULD,   }

To this *order* was attached a warrant to the constable, commanding him to notify the overseer of the poor of the town of Wardsboro, etc., of the order, etc.

Dated January 26, 1880.

`  Signed,    DAVID E. ROBBINS, } *Justices of the Peace.*
           JAMES W. GOULD,   }

On which is endorsed the return of the constable of service, on "F. E. Brigham, overseer of the poor of the town of Wardsboro."

*Davenport & Eddy*, for the plaintiff.

*E. L. Waterman*, for the defendant.

The opinion of the court was delivered by —

ROSS, J.   The County Court properly quashed the proceedings relating to the removal of the paupers named.   The complaint was signed by three persons who were overseers of the poor of the plaintiff town to two of the same persons as justices of the peace who acted upon the complaint and made the order of removal appealed from.   By the statute Gen. Sts. c. 20, s. 4, such proceedings are initiated by a complaint signed by the overseer of the poor, setting forth that the pauper, a stranger, has come to reside in the town, has not gained a legal settlement therein, and has or is likely to become chargeable to the town.   Without such complaint the justices have no jurisdiction in the matter.   The

overseer is a *quasi* prosecutor, and as he has charge of the paupers of his town, is expected to, and ordinarily does, look up and produce witnesses to establish the facts set forth in the complaint. Naturally he would be a witness to establish that the person complained of has, or is likely to become, chargeable to the town. The statute, after setting forth the right and duty of the overseer to complain, proceeds: " Any two justices of the peace, though inhabitants of such town, may, on complaint of said overseer," &c., cause the stranger to be brought before them, examine him on oath, and other witnesses, " touching the place of settlement and ability of such stranger "; and if they find the allegations in the complaint true, order the stranger to remove to his place of settlement by a day named; and issue proper warrant and notice for that purpose. The language of the statute—" any two justices of the peace," &c., is broad enough to allow such persons to act upon their own complaint, if they happened to hold the office of overseer of the poor and of justice of the peace at the same time; but the duties prescribed for each are incompatible with such construction. It would be a perversion of the fundamental principles of justice to hold, that a man can be both complainant and judge in the same cause. It would be equivalent to makimg him judge in his own cause. The broad language of the statute was evidently used to show that justices might act on the complaint of the overseer though inhabitants and tax-payers in the town; but was never intended to give justices who might happen to be also overseers of the poor the right to act upon their own complaint. The liability of towns to support paupers is wholly statutory; and such statutes have always been strictly construed, especially in regard to all the preliminary proceedings on the part of the complaining town relating to determining the settlement and removal of paupers, of which the town to be affected adversely thereby had no notice, and no opportunity to be present to contest or judge of their regularity.

The judgment of the County Court is affirmed.